## Report Selection Criteria

**Case ID:** CH-09-1873
**Docket Start Date:**
**Docket Ending Date:**

## Case Description

**Case ID:** CH-09-1873 - THE BRYCE CO V FEDERAL INSURACE CO - -NON JURY-
**Filing Date:** Thursday , September 10th, 2009
**Type:** DJ - Comp/Declaratory Judgment
**Status:** none

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name |
|---|---|---|---|---|---|
| 1 | | | Chancellor | 30DG | **ARMSTRONG, KENNY** |
| **Address:** *unavailable* | | | **Aliases:** | *none* | |
| 2 | | | Plaintiff's Attorney | 5452 | **HILL, CHARLES W** |
| **Address:** ONE COMMERCE SQUARE SUITE 1700 Memphis TN 38103 (901)525-1322 | | | **Aliases:** | *none* | |
| 3 | | | Plaintiff | @64428 | **THE BRYCE COMPANY, LLC** |
| **Address:** *unavailable* | | | **Aliases:** | *none* | |

| 4 | | | Plaintiff | @64429 | BPX FILMS, LP |
|---|---|---|---|---|---|
| **Address:** | unavailable | | **Aliases:** | none | |
| | | | | | |
| 5 | | | Plaintiff | @64430 | BRYCE, THOMAS J |
| **Address:** | unavailable | | **Aliases:** | none | |
| | | | | | |
| 6 | | | Plaintiff | @64431 | TEIXEIRA, PAULO L |
| **Address:** | unavailable | | **Aliases:** | none | |
| | | | | | |
| 7 | | | Defendant | @14755 | FEDERAL INSURANCE COMPANY |
| **Address:** | 15 MOUNTAIN VIEW ROAD WARREN NJ 07059 | | **Aliases:** | none | |
| | | | | | |

## Docket Entries

| Filing Date | Description | Name | | Monetary |
|---|---|---|---|---|
| 10-SEP-2009 03:32 PM | Original complaint (T) | HILL, CHARLES W | | |
| **Entry:** | COMPLAINT FOR DECLARATORY RELIEF, MONETARY DAMAGES AND OTHER RELIEF PD 286.50 CK # 085287 BY GLANKLER BROWN | | | |
| | | | | |
| 10-SEP-2009 03:37 PM | Process issued other (T) | HILL, CHARLES W | | |
| **Entry:** | SUMMONS ISSUED TO FEDERAL INSURANCE CO BY CERT MAIL HANDED BACK TO RUNNER FOR SERVICE | | | |
| | | | | |
| 10-SEP-2009 03:38 PM | Affidavit (T) | HILL, CHARLES W | | |
| **Entry:** | none. | | | |
| | | | | |
| 10-SEP-2009 | PAYMENT RECEIVED | | | |

| 03:39 PM | | | |
|---|---|---|---|
| **Entry:** | A Payment of -$286.50 was made on receipt CHCH13428. | | |
| | | | |
| 10-SEP-2009 03:42 PM | Jacket label printed | | |
| **Entry:** | Docket entry for the letter produced from CDADOCT on 10-SEP-2009 by MITCHEA. | | |
| | | | |
| 30-SEP-2009 02:35 PM | Returns other (T) | HILL, CHARLES W | |
| **Entry:** | SUMMONS EXECUTED BY COMM OF INS ON FEDERAL INSURANCE CO ON 09-16-09 | | |
| | | | |

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

THE BRYCE COMPANY, LLC
BPX FILMS, LP, THOMAS J. BRYCE,
And PAULO L. TEIXEIRA,

    Plaintiffs,

vs.

No. CH-09-1873-3
JURY DEMANDED

FEDERAL INSURANCE COMPANY,

    Defendant.

## COMPLAINT FOR DECLARATORY RELIEF, MONETARY DAMAGES AND OTHER RELIEF

TO THE HONORABLE CHANCELLORS OF THE CHANCERY COURT FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

The Plaintiffs, The Bryce Company, LLC, BPX Films, LP, Thomas J. Bryce, and Paulo L. Teixeira sue Federal Insurance Company and for cause of action state as follows:

### PARTIES

1. The Bryce Company, LLC is a Nevada limited liability company with its principal place of business located in Memphis, Shelby County, Tennessee. BPX Films, LP was a Texas limited partnership. Thomas J. Bryce is a resident citizen of Shelby County, Tennessee. Paulo L. Teixeira is a resident citizen of Shelby County, Tennessee.

2. Federal Insurance Company is a stock insurance company incorporated under Indiana law. Through the Chubb Group of Insurance Companies, Federal issued a policy of insurance providing liability protection for the Plaintiffs. The policy was negotiated in and

issued in Tennessee. Federal Insurance Company may be served with process through its designated agent, the Tennessee Insurance Commissioner.

3. The Bryce Company, LLC manufactures and distributes flexible packaging for consumer products. It is headquartered in Tennessee and maintains manufacturing facilities in Tennessee. Thomas J. Bryce is the Chief Executive Officer of The Bryce Company, LLC. Paulo L. Teixeira was formerly the Chief Operating Officer of The Bryce Company, LLC. The Bryce Company, LLC is a subsidiary entity of The Bryce Corporation, the parent corporation named as insured under the Federal Insurance Company Liability Policy. BPX Films, LP is a subsidiary entity of The Bryce Corporation.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this cause pursuant to T.C.A. § 29-14-102 and pursuant to T.C.A. § 16-11-101 and 102 and personal jurisdiction pursuant to T.C.A. §§ 20-2-201, 214(4), 223(6) and 225.

5. Venue is appropriate in Shelby County, Tennessee pursuant to T.C.A. §§ 16-11-114, 115 and T.C.A. § 20-4-101. Venue is appropriate because the insurance contract that is the subject of this litigation was issued to the Plaintiffs in Shelby County, Tennessee and because the underlying facts supporting this Complaint occurred in whole or part in Shelby County, Tennessee

## FACTS

6. The Federal Insurance Company issued its policy number 8158-4885 to The Bryce Corporation. The policy affords liability protection to the Plaintiffs and it expressly includes the duty to defend any claims brought against the insureds even though groundless, false, or fraudulent. A true copy of the Federal Insurance Company Forefront Portfolio$^{SM}$ policy

2

is attached to this Complaint as Exhibit 1 and incorporated as if specifically recited. Among other coverages, the policy provides liability protection for and defense cost protection for the Plaintiffs under its Directors and Officer Liability coverage section and its Employment Practices Liability coverage section.

7. On July 6, 2007, Nova Capital, LLC and Jorge Bustamante filed an original Petition and Request for Disclosure (the "*Bustamante*" petition) against the Plaintiffs in the District Court of Dallas County, Texas. A copy of the original Petition and Request for Disclosure is attached and incorporated into this Complaint as Exhibit 2 as if specifically recited here.

8. The Petition was served on The Bryce Company, LLC on or about July 10, 2007. Thomas J. Bryce, Paulo L. Teixeira, and BPX Films, LP were served with the original Petition on or about July 13, 2007.

9. On May 22, 2008, the Plaintiffs issued written notice to the Defendant advising it of the Bustamante petition. A copy of the written notice sent via electronic mail is attached to this Complaint as Exhibit 3. By letter dated May 27, 2008, the Federal Insurance Company acknowledged tender of the *Bustamante* petition for a determination of coverage. A copy of this acknowledgement is attached to this Complaint as Exhibit 4.

10. Subsequently, the Defendant prepared a "draft" letter dated June 27, 2008, and communicated to the insurance broker for the Plaintiffs, denying coverage for the claims raised in the *Bustamante* petition. A copy of this letter is attached to this Complaint as Exhibit 5. The letter states the Defendant's refusal to provide coverage under the Directors' and Officers' coverage section of Forefront Portfolio$^{SM}$ liability policy asserting that the lawsuit was not reported "as soon as practicable as required under the terms of the policy" and stating that the

3

lawsuit states claims outside the scope of the policy coverage. The letter does not address the duty of the Defendant to pay the defense costs of the *Bustamante* petition.

11. The Plaintiffs and their insurance broker requested that the Defendant reconsider its determination to deny coverage for the *Bustamante* claims. After further review, the Defendant issued its letter of August 27, 2008 renewing its denial of coverage. A copy of this letter is attached to this Complaint as Exhibit 6. The letter renews the Defendant's position that it is not required to provide coverage for the *Bustamante* claims because it did not receive notice of the *Bustamante* petition "as soon as practicable." The letter also states the Defendant's conclusion that the claims stated in the *Bustamante* petition fall outside the scope of the Directors' and Officers' coverage section of the Forefront Portfolio$^{SM}$ liability policy. The coverage denial letter makes no reference to the duty of the Defendant to provide for coverage of the defense costs of the *Bustamante petition*.

12. Following the renewed denial issued by the Defendant, the parties continued discussions over whether the Forefront Portfolio$^{SM}$ liability policy required the Defendant to provide coverage for and defense of the *Bustamante* claims. On March 24, 2009, the Defendant issued another letter denying coverage to the Plaintiffs "after conducting an independent review of coverage." This letter for the first time expressly addressed the duty of the Defendant to provide defense coverage for the *Bustamante* claims, stating that the Defendant will "neither defend nor indemnify Bryce in this action." A copy of the letter of March 24, 2009 is attached to this Complaint as Exhibit 7. The letter restates the Defendant's late notice defense. It also restates the Defendant's conclusion that the claims of the *Bustamante* petition fall outside the scope of the Directors' and Officers' coverage section of the Forefront Portfolio$^{SM}$ liability policy.

13. Subsequently the Plaintiffs through their insurance broker requested that the Defendant reconsider its determination to deny coverage and defense based on the reporting provisions of the liability policy and also requested an examination for coverage under the Employment Practices Liability coverage sections of the Forefront Portfolio$^{SM}$ policy. On July 10, 2009 the Defendant issued a further letter restating its late notice defense and declining to provide coverage or defense under the Employment Practices Liability coverage section of the Forefront Portfolio$^{SM}$ policy. A copy of Defendant's July 10, 2009 letter is attached to this Complaint as Exhibit 8.

14. The *Bustamante* petition is set to be tried in the Dallas County, Texas District Court in November of 2009. The Defendants have expended hundreds of thousands of dollars to date in defense of the claims.

15. The Plaintiffs allege that the terms of the Forefront Portfolio$^{SM}$ liability policy provide them with coverage for any liability resulting from and the costs of defense of the claims made in the *Bustamante* petition. The Plaintiffs allege that they are entitled to be fully indemnified for all amounts awarded against them and in favor of the Bustamante Plaintiffs, if any. The Plaintiffs allege that they are entitled to be fully reimbursed for all costs, fees, and expenses incurred in defense of the Bustamante lawsuit. The Plaintiffs allege that the Defendant has materially breached the terms of the liability insurance contract issued to them by failing to provide coverage for and defense of the claims made in the *Bustamante* petition.

16. This Complaint presents an actual justiciable controversy between the parties over the terms of a written instrument executed by the parties. The Plaintiffs allege that they are entitled to declaratory relief and a determination that the Defendant has an obligation to defend and provide coverage for the claims stated in the *Bustamante* petition. The Plaintiffs seek a

declaratory judgment pursuant to rule 57 of the Tennessee Rules of Civil Procedure and T.C.A. § 29-14-101.

17. The Plaintiffs allege that the Defendant has breached the terms of the Forefront Portfolio$^{SM}$ liability policy causing the Plaintiffs to suffer money damages represented by the costs and fees expended in the defense of the *Bustamante* petition so far and continuing.

18. The Plaintiffs further allege that the Defendant has breached implied covenants of good faith and fair dealing by failing to provide coverage for and defense of the claims stated in the *Bustamante* petition. The Plaintiffs allege that they have suffered monetary damages for breach of these implied covenants represented by the defense costs and fees incurred so far and continuing.

19. The Bryce Corporation purchased from and Federal Insurance Company sold a policy of liability insurance providing coverage for liability and defense cost protection for the Plaintiffs. The Bryce Corporation paid substantial premiums to or for the benefit of Federal Insurance Company for provision of liability coverage and defense cost protection for the Plaintiffs under the terms of the Forefront Portfolio$^{SM}$ policy issued. The Plaintiffs allege that the Defendant has violated the terms of the Forefront Portfolio$^{SM}$ liability policy and has acted unfairly by failing to provide coverage for and defense of the *Bustamante* claims. The Plaintiffs allege that the Defendant committed an unfair or deceptive practice within the meaning of the Tennessee Consumer Protection Act by arbitrarily and unfairly construing the notice language of Endorsement 5 to the General Terms and Conditions of the Forefront Portfolio$^{SM}$ policy when denying coverage for and defense of the *Bustamante* claims. The Plaintiffs allege that the Defendant's actions constitute an unfair or deceptive practice in violation of T.C.A. § 47-18-104. The Plaintiffs allege that they are entitled to a declaration that the Defendant has violated the

Tennessee Consumer Protection Act with respect to its conduct in denying coverage for and defense of the *Bustamante* claims. The Plaintiffs allege that pursuant to T.C.A. § 47-18-109 they are entitled to recover their actual damages, treble damages, and their attorneys' fees and costs for the Defendant's violations of the Tennessee Consumer Protection Act.

WHEREFORE, the Plaintiffs, The Bryce Company, LLC, BPX Films, LP, Thomas J. Bryce, and Paulo L. Teixeira pray for an award of a judgment against the Defendant, The Federal Insurance Company, as follows:

1. For a judgment declaring that the Defendant has the duty to provide coverage for the claims stated in the *Bustamante* petition;

2. For a judgment declaring that the Defendant has the duty to defend the claims stated in the *Bustamante* petition.

3. For a judgment against the Defendant for breach of contract in amounts to be proven at trial, but now currently exceeding $600,000.00, for all costs, fees, expenses, and monies expended in the defense of the *Bustamante* petition;

4. For a judgment against the Defendant for breach of implied covenants and fair dealing in amounts to be proven at trial, but currently exceeding $600,000.00, for all costs, fees, expenses, and monies expended in the defense of the *Bustamante* petition;

5. For an award against and recovery from the Defendant of full indemnity for any sums of money awarded in favor of Nova Capital, LLC and against the Plaintiffs individually or severally;

6. For an award against and recovery from the Defendant of full indemnity for any sums of money awarded in favor of Jorge Bustamante and against the Plaintiffs individually or severally;

7. For an award of all attorney's fees expended in the pursuit of this lawsuit and all costs including discretionary costs and statutory court costs;

8. For recovery of actual damages, treble damages, attorneys' fees, pre-judgment interest, costs and expenses under T.C.A. § 47-18-109;

9. For a jury trial;

10. For pre-judgment interest on all monetary amounts awarded the Plaintiffs; and

11. For such other and further relief to which the Plaintiffs show themselves entitled.

GLANKLER BROWN, PLLC

By: _____
Charles W. Hill/#5452
1700 One Commerce Square
Memphis, Tennessee 38103
(901) 525-1322
chill@glankler.com



STATE OF TENNESSEE
**DEPARTMENT OF COMMERCE AND INSURANCE**
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

September 25, 2009

Federal Insurance Company
800 S. Gay Street, Ste 2021, % C T Corp.
Knoxville, TN  37929-9710
NAIC # 20281

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7008 3230 0002 4322 9023
Cashier # 5155

Re: The Bryce Company, Llc, Bpx Films, Lp   V.   Federal Insurance Company

   Docket # Ch-09-1873-3

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Document was served on me on September 16, 2009 by The Bryce Company, Llc, Bpx Films, Lp pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Chancery Court of Shelby County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
    Shelby County
    140 Adams Street, Rm 308
    Memphis, Tn  38103

Service of Process 615.532.5260

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT AT MEMPHIS | SUMMONS | DOCKET NUMBER CH- 09-1873-3 |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| THE BRYCE COMPANY, LLC, BPX FILMS, LP, THOM. | FEDERAL INSURANCE COMPANY |

TO:    (NAME AND ADDRESS OF DEFENDANT)

Federal Insurance Company
15 Mountain View Road
New Jersey 07061-1615

Serve: Tennessee Commissioner of Insurance
Pursuant to T.C.A. 56-2-502-504

Method of Service:

☒ Certified Mail
☐ Shelby County Sheriff
☒ Comm. Of Insurance*
☐ Secretary of State*
☐ Out of County Sheriff*
☐ Private Process Server
☐ Other
*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your answer to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your answer with the Clerk of the Court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default can be rendered against you for the relief sought in the complaint.

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number)<br><br>Charles W. Hill<br>Glankler Brown, PLLC<br>1700 One Commerce Square<br>Memphis, Tennessee 38103<br>(901) 525-1322 | ISSUED  10  of September           , 20 09<br><br>Dewun R. Settle, Clerk and Master<br>By: _____<br>      Deputy Clerk & Master |
|---|---|
| **TO THE SHERIFF:** | **Came to hand**<br><br>_____ day of _____, 20 _____<br><br>**Sheriff** |

**Submit one original and one copy for each defendant to be served.

! Questions regarding this summons and the attached documents should be addressed to the Attorney listed above.

♿For ADA assistance <u>only</u>, call(901)379-7895

09/18/07

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____
☐ Not Served _____

☐ Not Found _____
☐ Other _____

DATE OF RETURN: This ____ day of _____, 20____.

By: _____
Sheriff/or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the ____ day of _____, 20____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the defendant _____. On the ____ day of _____, 20____, I received the return receipt, which had been signed by _____ on the ____ day of _____, 20____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this ____ day of _____, 20____. Signature of ____ Notary Public or ____ Deputy Court Clerk | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|
| My Commission Expires: | |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):
Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:   Clerk & Master
               140 Adams Ave.
               Room 308
               Memphis, TN 38103

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Dewun R. Settle, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | Dewun R. Settle, Clerk & Master<br>By:_____<br>D.C. & M. |
|---|---|

09/18/07

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

THE BRYCE COMPANY, LLC
BPX FILMS, LP, THOMAS J. BRYCE,
And PAULO L. TEIXEIRA,

    Plaintiffs,

vs.

FEDERAL INSURANCE COMPANY,

    Defendant.

No. CH-09-1873-3
JURY DEMANDED



## AFFIDAVIT

STATE OF TENNESSEE
COUNTY OF SHELBY

COMES NOW, Charles W. Hill, being first duly sworn, deposes and states as follows:

1. I am an adult resident citizen of Shelby County, Tennessee.

2. I am the attorney of record for the Plaintiffs, The Bryce Company, LLC, BPX Films, LP, Thomas J. Bryce, and Paulo L. Teixeira in the above captioned matter.

3. To the best of my knowledge and belief, the last known address of Federal Insurance Company, a foreign insurance company doing business in Tennessee, is 15 Mountain View Road, Warren, New Jersey 07061-1615, to be served through the Tennessee Commissioner of Insurance as agent for service of process pursuant to T.C.A. § 56-2-502-504.

Further Affiant Saith Not.

Executed this the 10th day of September, 2009.

_____
CHARLES W. HILL

SWORN TO AND SUBSCRIBED before me on this the 10th day of September, 2009.

_____
NOTARY PUBLIC

My Commission Expires:

02-29-2012

[Notary Seal: JERI A. SMITH, STATE OF TENNESSEE, NOTARY PUBLIC, COUNTY OF SHELBY]

MY COMMISSION EXPIRES
FEBRUARY 29, 2012

2